**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **CHARTER SCHOOLS USA AT BERKELEY, LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BERKELEY CHARTER EDUCATION ASSOCIATION, INC.; and THE CHARTER INSTITUTE AT ERSKINE, INC.,**<br><br>**Defendants.** | Civil Action No. 2:25-cv-01852-NHH<br><br><br>**ANSWER TO COUNTERCLAIM OF BERKELEY CHARTER EDUCATION ASSOCIATION, INC.** |

Plaintiff and Counterclaim Defendant, Charter Schools USA at Berkeley, LLC ("CSUSA"), hereby answers the Counterclaim of Defendant and Counterclaim Plaintiff, Berkely Charter Education Association, Inc. ("BCEA") [D.E. 31], as follows:

**FIRST DEFENSE**
(Failure to State a Claim)

BCEA's Counterclaim fails to state a claim upon which relief can be granted, and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6)

**SECOND DEFENSE**
(Answer to Counterclaim)

CSUSA denies each and every allegation set forth in BCEA's Counterclaim, except as expressly admitted herein, and responds to the numbered paragraphs thereof as follows:

186. It is admitted that BCEA is formed as a nonprofit corporation under the laws of South Carolina, and that it purports to operate the Mevers School of Excellence ("MSE"), Berkley Preparatory Academy ("BPA"), and Willie Jeffries School of Excellence

1

("WJSE") as charter schools. Except as expressly admitted, the allegations of this paragraph are denied.

187. It is admitted that charter schools are often operated pursuant to management agreements. Except as expressly admitted, the allegations of this paragraph are denied.

188. It is admitted that BCEA entered management agreements with CSUSA for MSE and BPA, and that those agreements are attached to CSUSA's initial complaint as Exhibit A and Exhibit B. Except as expressly admitted, the allegations of this paragraph are denied.

189. It is admitted that CSUSA has performed under and operated MSE pursuant to the terms of the Mevers Management Agreement. Except as expressly admitted, the allegations of this paragraph are denied.

190. Denied.

191. It is admitted that BCEA has sent letters erroneously asserting that CSUSA was in breach of the Mevers Management Agreement. Except as expressly admitted, the allegations of this paragraph are denied.

192. Denied.

193. Denied.

194. It is admitted that BCEA has sent letters erroneously asserting that CSUSA was in breach of the Mevers Management Agreement. Except as expressly admitted, the allegations of this paragraph are denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. It is admitted that BCEA purported to adopt a "School Administrator Policy" in violation of the terms of the Management Agreements. Except as expressly admitted, the allegations of this paragraph are denied.

201. Denied.

202. Denied.

203. It is admitted that the Charter Institute at Erskine ("CIE") has purported to enter into Charter Contracts with BCEA, copies of which are reflected in Exhibits 6 and 7. It is specifically denied, that CIE has authority to legally act as Sponsor under South Carolina law. Except as expressly admitted, the allegations of this paragraph are denied.

204. It is admitted that BCEA has entered into Management Agreements with CSUSA, the terms of which speak for themselves. Except as expressly admitted, the allegations of this paragraph are denied.

205. It is admitted that BCEA has entered into Management Agreements with CSUSA, the terms of which speak for themselves. Except as expressly admitted, the allegations of this paragraph are denied.

206. Denied.

207. It is admitted that BCEA purported to adopt a "School Administrator Policy" in violation of the terms of the Management Agreements and later sent demands insisting that CSUSA comply with the purported policy. Except as expressly admitted, the allegations of this paragraph are denied.

208. CSUSA admits that it responded to BCEA's demands concerning its School Administrator Policy. CSUSA specifically denies any allegation that BCEA properly adopted the Administrator Policy or that its actions in doing so complied with the terms of the Management Agreements. Except as expressly admitted, the allegations of this paragraph are denied.

209. CSUSA admits that CIE sought to assist BCEA in its breach of its Management Agreements by purported to approve amendments to BCEA's Charter Contracts, even though CIE cannot legally serve as a Sponsor under South Carolina Law. Except as expressly admitted, the allegations of this paragraph are denied.

210. It is admitted that BCEA informed CSUSA that CIE had purported to approve amendments to its charter in or around November 26, 2024. It is specifically denied that those amendments were effective. It is further denied that CIE has authority to act as a Sponsor under South Carolina law. Except as expressly admitted, the allegations of this paragraph are denied.

211. It is admitted that CSUSA responded to BCEA's demands by informing BCEA that BCEA's assertions violated the terms of the Management Agreements. Except as expressly admitted, the allegations of this paragraph are denied.

212. It is admitted that BCEA breached the Management Agreements by demanding that the School Administrators for MSE and BPA report to BCEA directly. It is further admitted that BCEA has wrongfully sought to terminate the Management Agreements. Except as expressly admitted, the allegations of this paragraph are denied.

213. It is admitted that CSUSA responded to BCEA's demands by informing BCEA that BCEA's assertions violated the terms of the Management Agreements. CSUSA further

admits that it filed this action, in part, to enforce CSUSA's rights under the Management Agreements. Except as expressly admitted, the allegations of this paragraph are denied.

214. Denied.

215. Denied.

216. It is admitted that BCEA has erroneously sought to terminate Management Agreements in violation of their terms. Except as expressly admitted, the allegations of this paragraph are denied.

217. Denied.

218. It is admitted that BCEA has entered the Management Agreements with CSUSA, which are legal documents and the terms of which speak for themselves. Except as expressly admitted, the allegations of this paragraph are denied.

219. Denied.

220. It is admitted that CIE provided BCEA false and defamatory information purporting to show that CSUSA had not performed its obligations under the Management Agreements and that BCEA, either acting at the behest of, or in concert with, BCEA erroneously asserted that CSUSA was in breach of the agreements. Except as expressly admitted, the allegations of this paragraph are denied.

221. It is admitted that CSUSA responded to BCEA's purported breach notices by informing BCEA that its allegations were incorrect, both as a matter of law and fact. Except as expressly admitted, the allegations of this paragraph are denied.

222. CSUSA incorporates its responses to the preceding paragraphs.

223. Admitted.

224. Denied.

225. (Improperly numbered 182) Denied.

226. (Improperly numbered 183) CSUSA incorporates its responses to the preceding paragraphs.

227. (Improperly numbered 184) Denied.

228. (Improperly numbered 185) Denied.

229. (Improperly numbered 186) Denied.

230. (Improperly numbered 187) CSUSA incorporates its responses to the preceding paragraphs.

231. (Improperly numbered 188) Denied.

232. (Improperly numbered 189) Denied.

233. (Improperly numbered 190) Denied.

234. (Improperly numbered 191) Denied.

235. (Improperly numbered 192) Denied.

236. (Improperly numbered 193) Denied.

## THIRD DEFENSE
(Illegality)

BCEA's Counterclaims, to the extent they are predicated upon the terms of any Charter Contract issued by CIE, or any action taken, approved, or required by CIE in its purported role as "Sponsor" are illegal, because, among other things, CIE lacks authority to act as Sponsor under South Carolina law and further acted as a market participant and in furtherance of its own scheme to unfairly compete with CSUSA and other management companies.

FOURTH DEFENSE

(Estoppel / Unclean Hands)

BCEA is estopped from asserting the claims set forth in its Counterclaims as a result of its own conduct.

FIFTH DEFENSE
(Statute of Limitations)

BCEA's Counterclaims are barred, in whole or in part, by the applicable statute of limitations.

SIXTH DEFENSE
(Waiver)

BCEA's Counterclaims are barred, in whole or in part, by the result of its own waiver.

SEVENTH DEFENSE
(Accord and Satisfaction)

BCEA's Counterclaims are barred by accord and satisfaction.

EIGHTH DEFENSE
(Setoff / Offset)

Any amount that CSUSA owes BCEA, which is denied, is setoff and offset by the amounts BCEA owes CSUSA.

NINTH DEFENSE
(Reservation)

CSUSA states that its investigation of this matter is ongoing, and without waiving any claims or defenses it has asserted, CSUSA gives notice that it intends to rely upon any claims, defenses, that may become available or apparent during its investigation and discovery into this matter, and hereby reserves the right to amend its Answer, including at trial, to incorporate the same.

WHEREFORE, CSUSA prays that the Court:

(a) Enter judgment for CSUSA and grant the relief requested in CSUSA's Amended Complaint;

(b) Enter judgment for CSUSA on each of BCEA's Counterclaims dismissing them with prejudice and providing that BCEA shall have and recover nothing;

(c)  Assess the costs of this action, including CSUSA's reasonable attorneys' fees' against BCEA; and

(d) Grant such other and further relief as the Court deems just and proper.

This, the 22nd day of July 2025.

> WOMBLE BOND DICKINSON (US) LLP
> *s/ Molly McDermid*
> Todd Carroll (SC Bar No. 74000)
> Todd.Carroll@wbd-us.com
> Molly McDermid (SC Bar No. 104695)
> Molly.McDermid@wbd-us.com
> Matthew F. Tilley (admitted *pro hac vice*)
> matthew.tilley@wbd-us.com
>
> 5 Exchange Street / P.O. Box 999
> Charleston, SC  29402
>
> Attorneys for Plaintiff, Charter Schools USA at Berkely, LLC