UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHARTER SCHOOLS USA AT BERKELEY, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>BERKELEY CHARTER EDUCATION ASSOCIATION, INC.; and THE CHARTER INSTITUTE AT ERSKINE, INC.,<br><br>                Defendants. | C/A No.: 2:25-cv-01852-BHH<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT BY DEFENDANT THE CHARTER INSTITUTE AT ERSKINE** |

Defendant the Charter Institute at Erskine ("the Institute"), by and through its undersigned counsel, hereby amends its Answer[1] to the Amended Complaint of Charter Schools USA at Berkeley, LLC ("Plaintiff") in accordance with the numbered paragraphs thereof, as follows:

1.      Admitted in part and denied in part. Upon information and belief, the Institute admits only that Plaintiff is an education management organization ("EMO"). The Institute denies the remaining allegations set forth in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.      Denied.

3.      Denied. By way of further response, the Institute has been properly determined by a Court of competent jurisdiction to be an authorized charter school Sponsor under the South Carolina Charter Schools Act ("the Act"). In *Gates School v. Erskine College, The Charter Institute at Erskine*, C.A. No. 2022CP4002390, the Court specifically addressed this issue and rejected

---

[1] The Institute originally filed a Motion to Dismiss seeking Dismissal of Plaintiff's Civil Conspiracy Cause of Action. On December 15, 2025, the Institute's Motion to Dismiss was denied. As such, the Institute is amending its answer to respond to the allegations contained in Plaintiff's Civil Conspiracy Cause of Action.

identical arguments. The Order of Dismissal is attached hereto as Exhibit A. By a way of further response, the Institute is recognized and approved by the South Carolina Department of Education ("SCDE") to be an independent Institution of Higher Learning ("IHL") Sponsor of charter schools as provided in the Act (S.C. Code Ann. § 59-40-40(4)). *See* Exhibit B.

4.     Denied.

5.     Paragraph 5 contains a statement and/or conclusion of law about which the Institute is not required to admit or deny the same. To the extent that Paragraph 5 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

6.     Paragraph 6 contains a statement and/or conclusion of law about which the Institute is not required to admit or deny the same. To the extent that Paragraph 6 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

7.     Paragraph 7 contains a statement and/or conclusion of law about which the Institute is not required to admit or deny the same. To the extent that Paragraph 7 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

8.     Denied. By way of further response, the allegations set forth in Paragraph 8 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 8 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

9.      Denied as stated. The Institute admits only that it approved BCEA's charter amendment request. The Institute denies the remaining allegations contained in Paragraph 9. By way of further response, the allegations set forth in Paragraph 9 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 9 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

10.     Denied.

11.     Denied.

12.     Paragraph 12 contains a statement and/or conclusion of law about which the Institute is not required to admit or deny the same. To the extent that Paragraph 12 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

## PARTIES, JURISDICTION, AND VENUE

13.     Admitted upon information and belief.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Denied as stated. The Institute admits only that it is a South Carolina non-profit organization, as opposed to an individual citizen, headquartered in Columbia, South Carolina. Furthermore, upon information and belief, the Institute admits that Plaintiff is a limited liability

company headquartered in Florida. As such, this Court has jurisdiction over the parties. The Institute denies the remaining allegations contained in Paragraph 17.

18.    Admitted.

## FACTUAL ALLEGATIONS

19.    Denied as stated. The Institute admits only that Berkely Charter Education Association ("BCEA") currently operates three charter schools, and that the Institute serves as the Sponsor. The Institute denies the remaining allegations contained in Paragraph 19.

20.    The allegations set forth in Paragraph 20 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 20 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

21.    The allegations set forth in Paragraph 21 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 21 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

22.    The allegations set forth in Paragraph 22 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 22 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

23.    Admitted in part denied in part. The Institute admits, upon information and belief, that Plaintiff is an EMO that contracts with non-profits to develop, manage, and operate public

charter schools. The Institute denies the remaining allegations set forth in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24.     Admitted.

25.     Admitted.

26.     Denied as stated. The Institute admits only that it received an application from Berkeley Preparatory Academy ("BPA") and that BPA first opened to students in August 2021. The Institute denies the remaining allegations set forth in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

## BCEA ENTERS MANAGEMENT AGREEMENTS WITH CSUSA

27.     The allegations set forth in Paragraph 27 do not pertain to the Institute; therefore, no response is warranted.   To the extent that Paragraph 27 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

28.     The allegations set forth in Paragraph 28 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 28 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 28 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

29.     The allegations set forth in Paragraph 29 refer to a written document which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth

in Paragraph 29 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 29 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

30.     The allegations set forth in Paragraph 30 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 30 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 30 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

31.     The allegations set forth in Paragraph 31 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 31 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 31 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

32.     The allegations set forth in Paragraph 32 refer to a written document which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 32 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 32 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

33.    The allegations set forth in Paragraph 33 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 33 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 33 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

34.    The allegations set forth in Paragraph 34 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 34 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 34 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

35.    The allegations set forth in Paragraph 35 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 35 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

## CIE'S PURPORTS TO ACT AS A CHARTER SCHOOL "SPONSOR"

36.    Denied as stated. The Institute admits only that it serves as the Sponsor of all three charter schools operated by BCEA. The Institute denies the remaining allegations contained in Paragraph 36.

37.    Paragraph 37 contains a statement and/or conclusion of law to which the Institute is not required to respond. To the extent that Paragraph 37 of the Amended Complaint attempts to

allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

38.    The allegations set forth in Paragraph 38 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 38 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

39.    The allegations set forth in Paragraph 39 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 39 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

40.    Denied as stated. The Institute admits only that it serves as a Sponsor of charter schools in South Carolina in accordance with the applicable laws and as identified by the S.C. Department of Education, with Erskine College designated as the applicable independent institution of higher learning.

41.    Denied as stated. The Institute admits only that it serves as a Sponsor of charter schools in South Carolina in accordance with the applicable laws and as identified by the S.C. Department of Education, with Erskine College designated as the applicable Institute of Higher Learning.

42.    Admitted.

43.    Denied as stated. The Institute admits only that it serves as a Sponsor of charter schools in South Carolina in accordance with the applicable laws and as identified by the S.C.

Department of Education, with Erskine College designated as the applicable Institute of Higher Learning.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Denied. By way of further response, as provided in Paragraph 3, the Institute has been properly determined by a Court of competent jurisdiction to be an authorized charter school Sponsor under the Act

51.     Denied.

52.     Denied.

## CIE AND ERSKINE'S UNLAWFUL COMPETITION AGAINST CHARTER MANAGEMENT COMPANIES

53.     Admitted in part and denied in part. The Institute admits only that CIE is a Sponsor in accordance with the Act and provides oversight to the schools that it sponsors in accordance with the Act. The Institute denies the remaining allegations set forth in Paragraph 53 and demands strict proof thereof.

54.     Denied as stated. The Institute admits only that the BCEA schools transferred to the Institute. The Institute denies the remaining allegations contained in Paragraph 54.

55.     Denied.

56.     Denied.

57.     Admitted in part and denied in part. The Institute admits only that, as a Sponsor in accordance with the Act, it approved amendments to the charter contracts for three of the schools it oversees—Summit Classical Charter School, Inc., Belton Preparatory Academy, and South Carolina Preparatory Academy (collectively, the "Reason & Republic-Managed Schools")—to approve their engagement of Reason & Republic as those schools EMOs. The remaining allegations set forth in Paragraph 57 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 57 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

58.     Admitted in part and denied in part. The Institute admits only that Cameron Runyan serves as the Institute's Superintendent and that Vamshi Rudrapati (correct spelling) serves as Chief Operating Officer. The Institute denies the remaining allegations set forth in Paragraph 58 and demands strict proof thereof.

59.     Admitted in part and denied in part. The Institute admits only that Teach Right USA was formed as a nonprofit corporation. The Institute denies the remaining allegations set forth in Paragraph 59 and demands strict proof thereof.

60.     The allegations set forth in Paragraph 60 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 60 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded. By way of further response, the

allegations set forth in Paragraph 60 refer to a written document which speaks for itself; therefore, no response is necessary

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     The allegations set forth in Paragraph 67 refer to a written document, which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 67 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 67 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded. By way of further response, the Institute has filed an answer and counterclaims in the action *Erskine College, et al. v. Icelaven Devel. Group., et al.*, Case No. 2024-CP-04-00995, Anderson County Common Pleas.

68.     The allegations set forth in Paragraph 68 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 68 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

69.     Denied.

70.     Denied.

71.     Admitted in part and denied in part. The Institute admits only to being named in the lawsuits mentioned in Paragraph 71. However, the Institute denies that there was any misconduct and/or wrongdoing. The Institute denies the remaining allegations set forth in Paragraph 71 and demands strict proof thereof

72.     Denied.

73.     Denied.

74.     Denied.

## CIE'S INTERFERENCE WITH CSUSA'S DEVELOPMENT OF ROCK HILL SCHOOL FOR BCEA

75.     Denied.

76.     The allegations set forth in Paragraph 76 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 76 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded

77.     The allegations set forth in Paragraph 77 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 77 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

78.     Admitted in part and denied in part. The Institute admits only that it received an application from BCEA for Rock Hill Preparatory Academy ("RHPA"). The remaining allegations set forth in Paragraph 78 do not pertain to the Institute; therefore, no response is warranted. To the

extent that Paragraph 78 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

79.    Admitted.

80.    Denied.

81.    The allegations set forth in Paragraph 81 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 81 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

82.    Admitted in part and denied in part. The Institute admits only that William Roach served in the role of Chief of Special Projects for the Charter Institute at Erskine. The Institute denies the remaining allegations set forth in Paragraph 82 and demands strict proof thereof.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied as stated. The Institute admits only that it received a request from BCEA for an amendment to its application to change the location of RHPA. The Institute denies the remaining allegations set forth in Paragraph 86 and demands strict proof thereof.

87.    The allegations set forth in Paragraph 87 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 87 of the Amended Complaint attempts to

allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

88.     Paragraph 88 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. By way of further response, the Institute denies the allegations pertaining to it as contained in Paragraph 88.

89.     Denied as stated. The Institute admits only that on April 19, 2023, the Institute's Board of Directors approved Willie Jeffries School of Excellence's request for a one-year extension to open the school, which delayed the opening until August 2024. The Institute denies the remaining allegations set forth in Paragraph 89 and demands strict proof thereof.

90.     The allegations set forth in Paragraph 90 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 90 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

91.     Denied. By way of further response, the allegations set forth in Paragraph 91 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 91 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

92.     The allegations set forth in Paragraph 92 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 92 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

## **BCEA BREACHES MANAGEMENT AGREEMENTS FOR MSE AND BPA**

93.     Denied.

94.     Denied.

95.     The allegations set forth in Paragraph 95 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 95 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

96.     The allegations set forth in Paragraph 96 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 96 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

97.     The allegations set forth in Paragraph 97 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 87 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

98.     The allegations set forth in Paragraph 98 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 98 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Institute, those allegations are denied, and strict proof thereof is demanded.

99.     The allegations set forth in Paragraph 99 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 99 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

100.    Denied as stated. The Institute admits only that the charter contracts for Mevers School of Excellence ("MSE") and BPA were properly amended at the request of the schools through BCEA.  The Institute denies the remaining allegations set forth in Paragraph 100 and demands strict proof thereof.

101.    The allegations set forth in Paragraph 101 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 101 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendant, those allegations are denied, and strict proof thereof is demanded.

102.    Denied.

103.    Denied.

104.    Admitted in part and denied in part. The Institute admits only that the Institute's Director of Authorization sent a letter to BCEA dated November 21, 2024, through e-mail. Furthermore, the Institute admits that Ashley Epperson, its Chief of Communications, sent an e-mail to Kenneth Coles and Serra Williams on November 21, 2024, identified by Plaintiff as Exhibit E in the Complaint. The Institute denies the remaining allegations set forth in Paragraph 104 and demands strict proof thereof.

105.    The allegations set forth in Paragraph 105 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 105 of the Amended Complaint attempts to

allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded

106.    Denied.

107.    The allegations set forth in Paragraph 107 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 107 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

108.    The allegations set forth in Paragraph 108 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 108 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Institute, those allegations are denied, and strict proof thereof is demanded.

109.    Denied.

110.    The allegations set forth in Paragraph 110 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 110 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Institute, those allegations are denied, and strict proof thereof is demanded.

111.    Denied.

112.    The allegations set forth in Paragraph 112 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 112 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

113.    Denied.

114.    The allegations set forth in Paragraph 114 refer to a written document which speaks for itself; therefore, no response is necessary. By way of further response, the allegations set forth in Paragraph 114 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 114 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

115.    The allegations set forth in Paragraph 115 refer to a written document which speaks for itself; therefore, no response is necessary. Further, the allegations set forth in Paragraph 115 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 115 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Institute, those allegations are denied, and strict proof thereof is demanded.

116.    The allegations set forth in Paragraph 116 refer to a written document which speaks for itself; therefore, no response is necessary. To the extent that Paragraph116 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Institute, those allegations are denied, and strict proof thereof is demanded.

117.    The allegations set forth in Paragraph 117 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 117 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

118.    The allegations set forth in Paragraph 118 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 118 of the Amended Complaint attempts to

allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

119.     Denied as stated. The Institute admits only that it awarded the Willie Jeffries School of Excellence a one hundred thousand dollars ($100,000.00) forgivable loan, subject to the contract terms, academic requirements, and compliance with assurances. The Institute denies the remaining allegations set forth in Paragraph 119 and demands strict proof thereof.

## COUNT 1
## (DECLARATORY JUDGMENT—CIE IS NOT A VALID SPONSOR UNDER THE ACT)

120.     The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

121.     Paragraph 121 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 121 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

122.     Paragraph 122 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 122 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

123.     Paragraph 123 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 123 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

124.    Denied.  By way of further response, By way of further response, as provided in Paragraph 3 the Institute has been properly determined by a Court of competent jurisdiction to be an authorized charter school Sponsor under the Act.

125.    Denied. By way of further response, Plaintiff and its employees have worked/consulted with the Institute numerous times on various matters throughout Plaintiff's time working with BCEA, including after this Amended Complaint was filed, without concern(s) as to the Institute serving as an "unlawful" sponsor. Additionally, the Institute takes issue/exception to Plaintiff's lack of standing to bring such a cause of action for declaratory judgment (to be briefed at the appropriate time).

### COUNT 2
### (BREACH OF CONTRACT AS TO BCEA)

126.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

127.    Paragraph 127 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same.  Further, the allegations set forth in Paragraph 127 do not pertain to the Institute; therefore, no response is required.  To the extent that Paragraph 127 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

128.    Paragraph 128 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. Further, the allegations set forth in Paragraph 128 do not pertain to the Institute; therefore, no response is required.  To the extent that Paragraph 128 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

129.    Denied as to subpart (iv), which is the only allegation contained in Paragraph 129 that pertains to the Institute.  To the extent that the remainder of Paragraph 129 with its subparts of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

130.    The allegations set forth in Paragraph 130 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 130 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

131.    The allegations set forth in Paragraph 131 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 131 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

### COUNT 3
### (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO CIE)

132.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

133.    Paragraph 133 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 133 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

134.    Admitted in part and denied in part. The Institute admits only that it had knowledge that BCEA and CSUSA entered into Management Agreements. The Institute denies the remaining allegations set forth in Paragraph 134 and demands strict proof thereof.

135.    Denied

136.    Denied

137.    Denied. By way of further response, the Institute, pursuant to Rule 12(f) FRCP, has moved to strike all of Plaintiff's references/seeking punitive damages.

## COUNT 4
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AS TO CIE)

138.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

139.    Paragraph 139 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 139 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

140.    Denied.

141.    Denied as stated. The Institute admits only that it has been properly determined by a Court of competent jurisdiction to be an authorized charter school Sponsor under the Act. The Institute denies the remaining allegations set forth in Paragraph 141 and demands strict proof thereof.

142.    Denied.

143.    Denied.

144.    Denied.  By way of further response, the Institute, pursuant to Rule 12(f) FRCP, has moved to strike all of Plaintiff's references/seeking punitive damages.

## COUNT 5
## (TORTIOUS INTERFERENCE WITH CONTRACT AS TO BCEA)

145.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

146.    The allegations set forth in Paragraph 146 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 146 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

147.    The allegations set forth in Paragraph 147 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 147 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

148.    The allegations set forth in Paragraph 148 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 148 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

149.    The allegations set forth in Paragraph 149 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 149 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

150.    The allegations set forth in Paragraph 150 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 150 of the Amended Complaint attempts to

allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

151.    The allegations set forth in Paragraph 151 do not pertain to the Institute; therefore, no response is warranted. To the extent that Paragraph 151 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

152.    Denied. By way of further response, the Institute, pursuant to Rule 12(f) FRCP, has moved to strike all of Plaintiff's references/seeking punitive damages.

### COUNT 6
### (VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT AS TO CIE)

153.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

154.    Paragraph 154 contains a statement and/or conclusion of law to which the Institute is not required to admit or deny the same. To the extent that Paragraph 154 of the Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to the Institute, those allegations are denied, and strict proof thereof is demanded.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied. By way of further response, the Institute, pursuant to Rule 12(f) FRCP, has moved to strike all of Plaintiff's references/seeking punitive damages.

### COUNT 6[sic]
### (Civil Conspiracy as to All Defendants)

159.    The Institute incorporates by reference herein its responses to the proceeding Paragraphs of the Amended Complaint.

160.    The Institute denies the allegations contained in Paragraphs 160 and demands strict proof thereof.

161.    The Institute denies the allegations contained in Paragraphs 161 and demands strict proof thereof.

162.    The Institute denies the allegations contained in Paragraphs 162 and demands strict proof.

Plaintiff's "WHEREFORE" statement constitutes a demand for relief to which no responsive pleading is required. To the extent that a responsive pleading is required, the Institute denies that Plaintiff is entitled to the relief it seeks and admits only that Plaintiff has requested a jury trial hereof.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, including for failing to sufficiently allege the elements of the claims asserted, failing to exhaust administrative remedies, and because any relief sought by Plaintiff would be contrary to public policy, and/or the alleged contract.

### SECOND AFFIRMATIVE DEFENSE
### (Immunity Under The Charter Schools Act)

The Institute, as the Sponsor of a charter school, and its employees are immune from civil liability with respect to all activities related to a charter school they sponsor. S.C. Code Ann. § 59-40-190(C).

### THIRD AFFIRMATIVE DEFENSE
### (South Carolina Nonprofit Corporation Act)

The Institute retains any and all privileges immunity as the state law claims under the South Carolina Nonprofit Corporation Act. S.C. Code Ann. §33-31-101, et seq.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation Of Liability)

Plaintiff's recovery with regard to all claims is limited pursuant to the liability limits set forth in S.C. Code Ann §§ 15-78-120 and 15-78-30(g).

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation of Liability)

Plaintiff is barred from recovering punitive damages pursuant to S.C. Code Ann. 33-56-180(A).

### SIXTH AFFIRMATIVE DEFENSE
### (Immunity)

Defendant retains immunity as to all state law claims under S.C. Code Ann §§ 15-78-60(1); (4); (5); (17); (20); and (25).

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Agreement)

The Institute did not enter into the combination or agreement of two or more persons as required for a Civil Conspiracy claim.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unlawful Act or a Lawful Act by Unlawful Means)

The Institute did not commit an unlawful act or a lawful act by unlawful means as required for a civil conspiracy claim.

## NINTH AFFIRMATIVE DEFENSE
### (No Liability For Acts Of Others)

Any alleged injuries of which Plaintiff complains herein were caused in whole or in part by the actions of other persons or entities other than the Institute.

## TENTH AFFIRMATIVE DEFENSE
### (Good Faith And Reasonable Manner)

At all times referenced, the Institute acted in good faith and in a reasonable manner.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

The Institute is entitled to indemnification by BCEA to the very suit that Plaintiff brought.

## TWELFTH AFFIRMATIVE DEFENSE
### (S.C. Unfair Trade Practices Act)

The Institute has not engaged in any acts or practices that are unfair or deceptive; therefore, Plaintiff's claim of a violation of the South Carolina Unfair Trade Practices Act is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (S.C. Unfair Trade Practices Act)

Plaintiff has not plead with the requisite factual basis, nor can it establish, that the alleged unfair or deceptive act or practice adversely affects the public interest. Moreover, Plaintiff has not plead with the requisite factual basis, nor can it establish, the ascertainable (out-of-pocket) damages necessary under South Carolina Code Ann. § 39-5-140(a).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands, in as much as Plaintiff's conduct in connection with the alleged contract(s) and promises were unfair, deceitful, and contrary to its actions and representations that the Institute was its Sponsor.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages)

To the extent Plaintiff has failed to mitigate its damages, if any, it is precluded from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, and/or Estoppel)

Plaintiff's Amended Complaint is barred by the doctrines of laches, waiver, and/or estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Not Allowed)

Plaintiff is barred from recovering punitive damages against the Institute because such sums are not recoverable against a governmental entity.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Barred)

Plaintiff is barred from recovering punitive damages pursuant to S.C. Code Ann. 33-56-180(A).

### NINETEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Violate the U.S. and South Carolina Constitutions)

The Institute alleges that Plaintiff's claims for punitive damages violate both the Fourteenth Amendment of the United States Constitution and Article I, § 3 of the South Carolina Constitution in one or more of the following particulars:

a.      that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees;

b.      that, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness; and

c.      that the amount of punitive damages awarded is based upon the wealth of the District in violation of its right to equal protection of the laws.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Punitive Damages Violate Amendments to the U.S. and South Carolina Constitutions)

The Institute would show that an award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, § 3, of the South Carolina constitution in that:

a.      the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

b.      any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c.      any award of punitive damages based upon the wealth of the District violates due process;

d.      the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.      even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness;

f.      Plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution Article I, § 3, of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Institute; and

g.      in addition, Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers in Article I, § 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government that invades the province of the legislative branch of government.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reliance On Other Defenses)

The Institute hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or investigation, and it reserves its right to amend its Answer to assert any such defenses.

WHEREFORE, having answered the Amended Complaint, the Institute respectfully prays the Court dismiss Plaintiff's claims against them, with all costs and expenses awarded to Defendants, together with any and all further relief that the Court deems equitable and just and damages as may be proven at trial.

[SIGNATURE BLOCK FOLLOWS]

*Respectfully submitted by:*

WHITE & STORY, LLC

By: *s/Dylan A. Crossland*
     Ashley C. Story (Fed Bar No.: 11505)
     Dylan A. Crossland (Fed Bar No.: 13900)
     P.O. Box 7036 (29202)
     3614 Landmark Drive, Suite EF
     Columbia, SC 29204
     T:  803.814.0993
     F:  803.814.1183
     astory@sodacitylaw.com
     dcrossland@sodacitylaw.com

     ***Attorneys for Defendant The Charter Institute at Erskine***

December 22, 2025
Columbia, South Carolina