IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **CHARTER SCHOOLS USA AT BERKELEY, LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BERKELEY CHARTER EDUCATION ASSOCIATION, INC.; and THE CHARTER INSTITUTE AT ERSKINE, INC.,**<br><br>**Defendants.** | Civil Action No. 2:25-cv-01852-NHH<br><br>**CHARTER SCHOOLS USA AT BERKELEY LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Charter Schools USA at Berkeley LLC ("CSUSA") hereby moves pursuant to Fed. R. Civ. Proc. 12(c) for Judgement on the Pleadings as to its Declaratory Judgment claim against The Charter Institute at Erskine, Inc. ("CIE") (Count 1).

## INTRODUCTION

The South Carolina Charter Schools Act[1] permits only three types of institutions to "sponsor" charter schools— a local board of education, the South Carolina Public Charter School District, and a public or private "institution of higher learning." *See* S.C. Code. Ann. §§ 59-40-40(1) and (4). By its own admission, CIE is none of these things. Although it claims authority as an "institution of higher learning," CIE readily admits in its Amended Answer to the Amended Complaint, that it does not offer any courses, enroll any students, have any faculty, or confer any degrees. It also admits that it is a separate entity from Erskine College. (Dkt. 44 ¶¶ 17, 44-49).

---

[1] *See* S.C. Code. Ann. §59-40-10, *et seq.* (the "Act').

1

Accordingly, CIE does not, and cannot, qualify as an "institution of higher learning" under the governing statutes. *See* S.C. Code. Ann. §§ 59-40-40(4) (requiring an "independent institution of higher learning" to meet the definition set forth S.C. Code. Ann. 59-113-50 in order to serve as a sponsor).

Given CIE's admissions, no material issue of fact remains as to CSUSA's declaratory judgment claim, and CSUSA is entitled to judgment as a matter of law that (1) CIE is not a lawful sponsor under the Act and (2) actions taken by CIE in its purported role as "sponsor" were *ultra vires* and void.

## RELEVANT BACKGROUND

CSUSA is an education management organization ("EMO") that has developed and managed approximately 150 public charter schools across the country, including two schools – Mevers School of Excellence and Berkeley Preparatory Academy (the "Schools") – operated by Defendant Berkeley Charter Education Association, Inc. ("BCEA"). CIE purports to serve as the "sponsor" that granted BCEA charters for each of those schools.

CSUSA brought this action after BCEA wrongfully terminated CSUSA's management agreements for the Schools. As alleged in the Amended Complaint, BCEA did so with CIE's encouragement and based (at least in part) on amendments to the Schools' charters it claims CIE approved in November 2024. (Dkt. 24). The Amended Complaint details CIE's efforts to misuse its role as purported sponsor to oust CSUSA and other management companies from the marketplace so that it can sell charter schools its own, competing services. The Amended Complaint accordingly asserts claims for (1) Declaratory Judgment, (2) Breach of Contract, (3) Tortious Interference with Contractual Relations, (4) Tortious Interference with Prospective

Economic Advantage, (5) Tortious Interference with Contract, (6) Violation of South Carolina Unfair Trade Practices Act, and (7) Civil Conspiracy. (*Id.*).

CIE moved to dismiss CSUSA's civil conspiracy claim and to strike its prayer for punitive damages, arguing that it could not be held liable for such damages because it is a nonprofit. Last month, the Court denied both motions, holding that CSUSA had properly alleged a claim for civil conspiracy and that rendering a determination whether CIE acts as a nonprofit, or is instead a market participant as alleged in the Amended Complaint, would be premature. (Dkt. 43). On December 22, 2025, CIE filed an Amended Answer, responding to the civil conspiracy claim. (Dkt. 44). In that pleading CIE reaffirms its earlier admissions that CIE (i) is a separate entity from Erskine College, with a separate corporate existence and separate board of directors (Dkt. 44 ¶ 44); (ii) does not conduct any post-secondary courses or provide any post-secondary instruction (*Id.* at ¶ 45); (iii) does not confer or grant any degrees (*Id.* at ¶ 46); (iv) does not enroll any students or have any faculty (*Id.* at ¶ 47); and (v) is not licensed by the South Carolina Commission on Higher Education or ever been granted accreditation as a college or university. (*Id.* at ¶¶ 48-49). Nevertheless, CIE maintains that it can serve as a "sponsor" under the Act.

## **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).

> Rule 12(c) motions operate to "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed.2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id*. at *2 (quoting *Park Univ. Enters. v. Am., Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir.2006)).

*Thomas Daniels Agency, Inc. v. Nationwide Ins. Co. of Am.*, 122 F. Supp. 3d 448, 450 (D.S.C. 2015).

Here, CIE's admissions make clear that it is <u>not</u> an "institution of higher learning" and therefore cannot legally serve as a charter school "sponsor" under the governing statutes.

## ARGUMENT

I. **CIE'S AMENDED ANSWER ESTABLISHES THAT IT IS NOT AN "INSTITUTION OF HIGHER LEARNING" AND DOES NOT QUALIFY AS A "SPONSOR" UNDER THE ACT.**

CIE's admissions conclusively establish that it does not qualify as a charter school "sponsor" under South Carolina law. Under the Act, charter schools must operate "by sponsorship of a public school district, the South Carolina Public Charter School District, or a public or independent institution of higher learning . . . ." S.C. Code. Ann. § 59-40-40(1). To qualify as a "sponsor" under the Act, an independent institution of higher learning must meet the definition set forth in forth in S.C. Code Ann. § 59-113-50. *See* S.C. Code. Ann. § 59-40-40(4) (defining "sponsor" to include "an independent institution of higher learning as defined in Section 59-113-50").

Section 59-113-50 of the South Carolina Code defines "an independent institution of higher learning" as either (1) an "independent eleemosynary junior or senior college in South Carolina whose major campus and headquarters are located within South Carolina, and which is accredited by the Southern Association of Colleges and Secondary Schools" or (2) an "independent bachelor's level institution chartered before 1962 whose major campus and headquarters are located within South Carolina." S.C. Code. Ann. §59-113-50. "Only those public or independent institutions of higher learning, as defined in this subsection, who register with the South Carolina Department of Education may serve as charter school sponsors." Section 59-40-40(4).

4

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Rainey v. Hailey*, 404 S.C. 320, 324, 745 S.E.2d 81, 82 (2013). Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed, and a court has no right to impose another meaning. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute").

CIE states in its Amended Answer that it is a nonprofit organization which "serves as a Sponsor of charter schools in South Carolina." (Dkt. 44 at ¶ 17). But CIE admits that it is separate legal entity from Erskine College, with a separate board or directors. (*Id.* at ¶ 44). CIE further admits that it (1) does not conduct any post-secondary courses or provide post-secondary instruction; (2) does not grant or confer degrees; (3) does not enroll any students, nor does it have any faculty; (4) is not licensed by the South Carolina Commission of Higher Education; and (5) has not been granted accreditation as a college or university by SACSCOC. (*Id.* at ¶¶ 44-49). Thus, by the plain language of the Act, CIE is not an institution of higher learning and therefore cannot serve as a charter school "sponsor."

Despite those admissions, CIE asserts it serves as a charter school sponsor "with Erskine College designated as the applicable Institute of Higher Learning." (Dkt. 44 at ¶¶ 40, 43). But that invented arrangement is meaningless. Section 59-40-40(4) is clear: A "Sponsor" under the Act must be either (1) the South Carolina Public Charter School District Board of Trustees, (2) a local school board of trustees or (3) a public or independent institution of higher learning. CIE is none. When a statute specifically includes one item, courts construe the law to necessarily exclude all other items that the legislature did not include. *See Hodges*, 341 S.C. at 86, 533 S.E.2d at 582 ("The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio*

*alterius*' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.'" (quoting Black's Law Dictionary 602 (7th ed. 1999))).  Nowhere does the Act allow a nonprofit corporation to qualify as an "sponsor" based on some other, separate entity's status.

CIE's Answer thus establishes as a matter of law that it is not an institution of higher learning as defined by the Act. Because CIE is not an institution of higher learning (and is neither a local school board nor the South Carolina Public Charter School District) it cannot be a "sponsor" pursuant to the plain and unambiguous terms of the Act.

**II.     CIE'S RELIANCE ON THE DECISIONS FROM *GATES SCHOOL V. THE CHARTER INSTITUTE AT ERSKINE* IS MISPLACED.**

In its Answer, CIE repeatedly cites the Richland County Circuit Court's order in *Gates School v. Erskine College,* claiming that it somehow holds CIE is legally entitled to serve as a charter school "sponsor." (Dkt. 15 at ¶ 2; Dkt 15-1 (*Gates School v. Erskine College et al*. 2022CP4002390 (S.C. Comm. Pl. Mar. 10, 2023)).  CIE claims the court in *Gates* "specifically addressed [the issue at bar] and rejected identical legal arguments" and determined CIE is an "authorized charter school Sponsor under the [Act]." (Dkt. 15 at ¶ 2).  Neither statement is true.

*Gates* involved claims by a charter school that sought to challenge the termination of its charter.  CIE's administration recommended to its board of directors that the plaintiff school's charter be revoked and began proceedings to do so. (Dkt 15-1 at 2).  The school then filed suit in Circuit Court seeking to stop the termination proceedings.  In doing so, the school took a seemingly contradictory position—claiming on the one hand that the school had been properly authorized by CIE, but then arguing that any decision to revoke its charter had to go to the board of directors of Erskine College, because only the college could legally serve as "sponsor." (Dkt. 15-1 at 2-3).

The Circuit Court, however, never reached the merits of that issue, and, even if it had, its decision would not bind the Court here.

First—and perhaps most importantly—the court in *Gates* held that it lacked subject matter jurisdiction noting: "The Act establishes that disputes between a charter school and its sponsor are subject to adjudication by the Administrative Law Court and Department of Education—not the circuit court" and "The Act establishes an exclusive and mandatory administrative procedure regarding charter school nonrenewal and revocation proceedings." (*Id.* at 4). In turn, the court held that the charter school could not use a declaratory judgment action to "collaterally attack the Department of Education's designation of the Institute as a sponsor under the Act or as a means around the express administrative review and adjudication procedures of the Act." (*Id.* at 6).

As a result, the court in *Gates* could not have reached the merits of the school's claim in that case, given that it specifically and unequivocally held it lacked jurisdiction to do so. *See Southern Walk at Broadlands Homeowners' Ass'n, Inc. v. Open Band at Broadlands, LLC* 713 F.3d 175, 185 (2013) (holding that a dismissal for lack of subject matter jurisdiction must be without prejudice "because a court that lacks jurisdiction has no power to adjudicate or dispose of a claim on the merits"); *Bilbro v. Haley*, 229 F. Supp. 3d 397 (D.S.C. 2017) (same). CIE's arguments to the contrary are unavailing. CIE cannot have it both ways. CIE convinced the trial court in *Gates* that it had to dismiss the case because it lacked jurisdiction to hear the school's claims. It cannot now reverse course and argue that the order dismissing for lack of jurisdiction somehow constitutes a conclusive decision on the merits.

Second, it is well established that decisions by state trial courts are not precedent and do not bind federal district courts. *See Louthian v. State Farm Mut. Ins. Co.*, 357 F. Supp. 894, 900 (D.S.C. 1973) ("The general principle is that federal courts are not bound by decisions of state trial courts where those decisions are not published and are given little weight as precedent even within the state."); *S.B. McMaster v. Chevrolet Motor Co.,* 3 F.2d 469 (1925)); *see also, King v. Order of*

*United Commercial Travelers of America*, 333 U.S. 153, 151 (1948) (observing that state trial court decisions are not precedential, even in South Carolina Courts, and thus "it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court.") Thus, even if the court in Gates had jurisdiction to decide whether CIE can act as a valid "sponsor"—which it did not—its decision would not be binding here.

Finally, even though the trial court in Gates went on to discuss some of the schools' arguments in *dicta*, it never held that CIE qualifies as a valid sponsor under the Act. Instead, the court only addressed the school's argument that any decision to revoke a charter had to made by Erskine College's *board of directors*. The court held there is "no entitlement under the Act for a hearing before the *governing board* of an independent institution of higher learning sponsor" only that "the sponsors shall conduct a hearing before taking final action.'" (*Id.* at 7 (quoting Section 59-40-110(H)). Thus, the court reasoned in the alternative that, even if it had jurisdiction—which it, of course, did not—the school nevertheless would have failed to state a claim and thus the case would still require dismissal.

The *Gates* court formed no opinion regarding CIE's capacity to serve as a "sponsor" or whether it qualified as an institution of higher learning under the Act. The *Gates* decision does not represent the "conclusive" precedent CIE portrays it to be. The court in *Gates* never held that CIE meets the statutory definition of "sponsor." And any such holding would have been nothing more than dicta given the court's determination that it lacked jurisdiction to hear the school's claims in the first place.

*Gates* thus does not bind this Court, which should instead address the merits of CSUSA's claim based on the plain language of the governing statutes and the undisputed facts established by CIE in its Answer.

## **CONCLUSION**

CIE's admissions in its Answer conclusively established CIE does not qualify as an institution of higher learning under Section 59-113-50. Because CIE is not an institution of higher learning, it does not, and cannot, qualify as a charter school "sponsor" under S.C. Code. Ann. § 59-40-40(4). CSUSA is therefore entitled to judgement on the pleadings and requests the Court enter a judgment declaring (1) CIE is not a lawful "sponsor" under the Act and (2) actions taken by CIE in its purported role as "sponsor" were *ultra vires* and void.

This the 7th day of January, 2026.

WOMBLE BOND DICKINSON (US) LLP
s/*Molly M. McDermid*
Todd Carroll (SC Bar No. 74000)
Todd.Carroll@wbd-us.com
Molly McDermid (SC Bar No. 104695)
Molly.McDermid@wbd-us.com
Matthew F. Tilley (admitted *pro hac vice*)
matthew.tilley@wbd-us.com

5 Exchange Street / P.O. Box 999
Charleston, SC  29402

Attorneys for Plaintiff, Charter Schools USA at Berkely, LLC